UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20398-CR-RUIZ

UNITED STATES OF AMERICA,

v.

MAURO NANNINI,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and MAURO NANNINI (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371.

2.     This Office agrees to seek dismissal of all remaining counts of the Indictment, as to this defendant, after sentencing.

3.     The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), as well as other factors enumerated in Title 18, United States Code, Section 3553(a). The defendant acknowledges and understands that the Court will compute an advisory sentencing guideline range under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court

may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one (1) and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, twice the gross pecuniary gain from the offense, or twice the gross pecuniary loss from the offense, whichever is greatest, and may order criminal forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph four (4) of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.  This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.  This Office agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to or after entering into this plea agreement; (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official; or, (d) fails to fully assist in the forfeiture of assets as set forth in this plea agreement.

8. In the event that the defendant chooses to seek a variance from the sentencing guideline range, the defendant further agrees that any such application shall be filed in writing with the Court and served on the United States no later than the deadline for submitting objections to the Pre-Sentence Investigation Report stated in Federal Rule of Criminal Procedure 32(f)(1), subject to any extension of time agreed upon between the parties or ordered by the Court.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base Offense Level</u>: The defendant's base offense level is eight (8) pursuant to U.S.S.G. § 2B1.4(a).

    b. <u>Specific Offense Characteristic</u>: It is the United States' position that the defendant's offense level shall be increased by ten (10) pursuant to U.S.S.G. §§ 2B1.4(b), 2B1.1(b)(1)(F) because the gain resulting from the offense exceeded $150,000 but was equal to or less than $250,000. It is the defendant's position that his offense level shall be increased by eight (8) pursuant to U.S.S.G. §§ 2B1.4(b), 2B1.1(b)(1)(E) because the gain resulting from the offense exceeded $95,000 but was equal to or less than $150,000.

10. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Section 4C1.1 of the Sentencing Guidelines, the defendant's offense level should be reduced by two levels to reflect the defendant's status as a zero-point offender, provided that the defendant meets all the criteria set out in 4C1.1(a)(1)-(10).

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office make to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph three (3) above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

12. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the offense in violation of 18 U.S.C. § 371, specifically conspiracy to commit securities fraud, as alleged in the Indictment, and to which the defendant is pleading guilty, pursuant to 18 U.S.C. § 981(a)(1)(C). In addition, the defendant agrees to the forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture ~~includes, but is not limited to,~~ is JP a forfeiture money judgment in the amount of $180,328.41 in U.S. Currency. The defendant agrees to pay the forfeiture money judgment at the time of sentencing.

13. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture,

including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14.  The defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, and in exchange for the undertakings made by this Office in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, except any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect this Office's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. However, if this Office appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. In addition to the foregoing provisions, the defendant hereby waives all rights to argue on appeal that the statute to which the defendant is pleading guilty is unconstitutional and that the admitted conduct does not fall within the scope of the statute. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

15.  Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in 18 U.S.C. § 3663A(c)(1) gave rise to this Agreement and as such, any victims of the conduct described in the Factual Proffer shall be entitled to restitution.

16. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

17. If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

   a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

   b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the defendant agrees to waive any statute-of-limitations defense; and

   c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may

be used against the defendant. The defendant waives any right to claim that statements made pursuant to the agreement before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution of federal law.

[THIS SPACE INTENTIONALLY LEFT BLANK]

18. ~~21.~~ This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 12/16/24

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
ALEXANDRA D. COMOLLI
ELI S. RUBIN
ELIZABETH YOUNG
ASSISTANT U.S. ATTORNEYS

Date: 12-16-24

_____
HOWARD SREBNICK
JACQUELINE PERCZEK
ATTORNEYS FOR DEFENDANT

Date: 12/16/24

_____
MAURO NANNINI
DEFENDANT