UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20398-CR-RUIZ

UNITED STATES OF AMERICA

v.

ALEJANDRO THERMIOTIS,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon the United States of America's Unopposed Motion for Preliminary Order of Forfeiture, [ECF No. 111] ("Motion") against Defendant ALEJANDRO THERMIOTIS. The Court has carefully considered the Motion, the record, is otherwise fully advised, and finds as follows:

On or around September 12, 2024, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371, in Counts 2-13 with securities fraud in violation of Title 18, United States Code, Section 1348, and in Counts 14-25 with securities fraud in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5, 240.10b-5-l, & 240.10b-5-2. Indictment, [ECF No. 3]. The Indictment also contained forfeiture allegations, which alleged, as relevant here, that, upon conviction of a violation of Title 18, United States Code, Section 371, specifically a conspiracy to commit securities fraud, the Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(l)(C). *See id.* at 27-29.

On December 17, 2024, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, [ECF No. 62]; Plea Agreement ¶ 1, [ECF No. 63]. As part of the

guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $931,820.55 in U.S. Currency. *See* Plea Agreement ¶ 14, [ECF No. 63].

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, [ECF No. 58]. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at 3-8, 9.

As of June 2022, co-defendant Federico Nannini maintained an ongoing and close friendship with the Defendant, an aspiring securities trader, and they often discussed securities trading. Factual Proffer, [ECF No. 64] at 2.

In approximately June 2022, co-defendant Federico Nannini, who was then employed at Global Consulting Firm 1, was assigned to assist with the proposed corporate acquisition of Infrastructure and Energy Alternative Inc. ("IEA") by MasTec Inc.("MasTec"), Global Consulting Firm 1's client (the "Proposed Acquisition"). *Id*. at 2. As relevant here, on or around June 25, 2022, co-defendant Federico Nannini tipped the Defendant about MasTec's proposed acquisition of IEA, knowing that the Defendant would trade on this information. *Id*. Ultimately, in total, the Defendant purchased 200,000 shares of IEA stock for approximately $1,777,800.50 over the course of June 15 and 16, 2022. *Id*. at 4. The Defendant also tipped a family member and co-defendant Francisco Tonarely about the IEA acquisition, knowing that they would trade on the information. *See id*. at 4–6. In addition, the Defendant met with a second family member ("Thermiotis Family Member 2") at Thermiotis Family Member 2's home, and, within 15 minutes of the start of their meeting, Thermiotis Family Member 2 logged into his/her Robinhood account and purchased 1,592 shares of IEA for approximately $13,397. *See id*. at 5.

On July 7, 2022, co-defendant Federico Nannini accessed multiple files regarding the Proposed Acquisition, and he exchanged a series of texts with the Defendant about the odds of the Proposed Acquisition going through, notably one that it was "60/40 no go." *See id*. at 4–6.

2

Subsequently, on July 14, 2022, co-defendant Federico Nannini received an e-mail from a colleague at Global Consulting Firm 1, instructing him to "Focus on [the Proposed Acquisition] so we can push it close to the finish by end of day today." *Id*. at 7. Co-defendant Federico Nannini then accessed several acquisition files, including one labeled, "[Proposed Acquisition] – Report Databook," which was a complete analysis of the acquisition, indicating to co-defendant Federico Nannini that the acquisition was going through. *Id*. Approximately two minutes after co-defendant Federico Nannini accessed this document, he and the Defendant exchanged text messages wherein co-defendant Federico Nannini relayed to the Defendant that the Proposed Acquisition was going through, and the Defendant advised him not to text but call later. *See id*. at 7–8.

On July 25, 2022, Bloomberg reported that MasTec was acquiring IEA for $14.00 per share, and IEA's share price rose by approximately 32%. *Id*. at 9. The Defendant sold his entire IEA position, which he purchased based on material non-public information he received from co-defendant Federico Nannini. *Id*. The Defendant made approximately $924,183 in profits, which represents his net proceeds from the conspiracy. *Id*. Thermiotis Family Member 2 also sold his/her entire IEA position, and s/he made approximately $7,920 in profits. *Id*.

Based on the record in this case, the total value of the proceeds traceable to Count 1 is $931,820.55[1] in U.S. Currency, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED AND ADJUDGED** as follows:

---

[1] This sum reflects the forfeiture money judgment sum, as agreed to in the Plea Agreement, [ECF No. 63]. Ultimately, the Defendant is held responsible for the Defendant's net proceeds and Thermiotis Family Member 2's net proceeds from the conspiracy. The forfeiture money judgment sum is approximately $282.45 less than the combination of net proceeds figures as reflected in the Factual Proffer, [ECF No. 64], specifically the sum of $924,183 plus $7,920, which were estimated.

1.      Pursuant to 18 U.S.C. § 982(a)(1)(C), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $931,820.55 is hereby entered against the Defendant.

2.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 28th day of March 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**