**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-20398-RAR**

**UNITED STATES OF AMERICA**

**v.**

**MAURO NANNINI,**

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon the United States of America's Unopposed Motion for Preliminary Order of Forfeiture [ECF No. 113] ("Motion") against Defendant MAURO NANNINI.  The Court has carefully considered the Motion, the record, is otherwise fully advised, and finds as follows:

On or around September 12, 2024, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 371, in Counts 2–13 with securities fraud in violation of Title 18, United States Code, Section 1348, and in Counts 14–25 with securities fraud in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5, 240.10b-5-l, & 240.10b-5-2.  Indictment, [ECF No. 3].  The Indictment also contained forfeiture allegations, which alleged, as relevant here, that, upon conviction of a violation of Title 18, United States Code, Section 371, specifically a conspiracy to commit securities fraud, the Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(l)(C).  *See id.* at 27–29.

On December 16, 2024, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment.  *See* Minute Entry, [ECF No. 54]; Plea Agreement ¶ 1, [ECF No. 57].  As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $180,328.41 in U.S. Currency, and, in addition, the Defendant agreed to pay the forfeiture money judgment at the time of sentencing.  *See* Plea Agreement ¶ 12, [ECF No. 57].

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction.  *See* Factual Proffer, [ECF No. 58].  The Factual Proffer also provided a basis for the forfeiture of property.  *See id.* at 3–4, 8–9.

Co-defendant Federico Nannini lived in the home of his father, the Defendant, who was previously a securities trader in Venezuela, and, as of June 2022, actively traded millions of dollars in brokerage accounts he controlled.  Factual Proffer, [ECF No. 58] at 1–2.  In approximately June 2022, co-defendant Federico Nannini, who was then employed at Global Consulting Firm 1, was assigned to assist with the proposed corporate acquisition of Infrastructure and Energy Alternative Inc. ("IEA") by MasTec Inc.("Mastec"), Global Consulting Firm 1's client (the "Proposed Acquisition").  *Id*. at 2.

On or around June 8, 2022, while co-defendant Federico Nannini and the Defendant were both home, co-defendant Federico Nannini shared with the Defendant that there could be a possible acquisition of IEA.  *Id*. at 3. Co-defendant Federico Nannini provided the Defendant with this information, which was material non-public information, knowing that there was a possibility that the Defendant would trade on the information.  *Id*.

Then, the Defendant made the following purchases of IEA shares:

- On or about June 8, 2022, the Defendant purchased 3,000 shares of IEA in his Fidelity brokerage account ending in 1894 ("Fidelity Account x1894") for approximately $27,120.00 (an average price per share of about $9.00);

- On or about June 9, 2022, the Defendant purchased 9,500 shares of IEA in Fidelity Account x1894 for approximately $86,951.00 (an average price per share of about $9.10); and

- On or about June 10, 2022, the Defendant purchased an additional 7,500 IEA shares in Morgan Stanley brokerage account ending in 7313 ("Morgan Stanley Account x7313 ") for approximately $66,847.25 (an average price per share of about $8.90).[1]

*See id.* at 3–4.

Subsequently, on July 14, 2022, co-defendant Federico Nannini received an e-mail from a colleague at Global Consulting Firm 1, instructing him to "Focus on [the Proposed Acquisition] so we can push it close to the finish by end of day today." *Id.* at 7. Co-defendant Federico Nannini then accessed several acquisition files, including one labeled, "[Proposed Acquisition] – Report Databook," which was a complete analysis of the acquisition including an indication to co-defendant Federico Nannini that the acquisition was going through. *Id.*

On July 15, 2022, the day after co-defendant Federico Nannini learned that the Proposed Acquisition was going through, the Defendant purchased 19,000 shares of IEA (for approximately $165,148.20) in Fidelity Account x1894 and 17,000 shares (for approximately $147,225) in Morgan Stanley Account x7313. *Id.* at 8. Three days later, on July 18, 2022, the Defendant purchased 85 one-month IEA call options contracts across his Fidelity and Morgan Stanley accounts, indicating he expected the stock price to increase. *Id.*

On July 21, 2022, the Defendant purchased an additional 500 IEA shares in his Fidelity account. *Id.* On July 22, 2022, the Defendant sold 2,000 IEA shares in his Fidelity account. *Id.*

---

[1] Fidelity Account x1894 and Morgan Stanley Account x7313 were opened in the name of NS Holdings Trust, for which the Defendant served as a trustee.

In total, the Defendant sold his entire IEA position including 34,500 shares and 85 call options, which he purchased based on material non-public information he received from co-defendant Federico Nannini.  *See* Presentence Investigation Report ¶ 50, [ECF No. 93].  The Defendant made approximately $180,328.41 during the conspiracy.[2]  *Id.*

Based on the record in this case, the total value of the proceeds traceable to Count 1 is $180,328.41, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED and ADJUDGED** as follows:

1.      Pursuant to 18 U.S.C. § 982(a)(1)(C), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $180,328.41 is hereby entered against the Defendant.

2.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

---

[2]   The Defendant has objected to this fact in the Presentence Investigation Report, arguing that the Defendant's net gain during the relevant period was $145,101.20 as he incurred a loss of approximately $35,227.21 trading in the stock at issue during the relevant period.  *See* Mauro Nannini's Objection to the Gain Amount Proposed by the PSI Report, [ECF No. 82]; *see also* Reply by Federico and Mauro Nannini in Support of Their Objections to the PSI Report, [ECF No. 95] at 7–10.  Although the Defendant disputes the net gain as it relates to the sentencing guidelines, the Defendant agreed to a forfeiture money judgment in the amount of $180,328.41 and agreed to pay the forfeiture money judgment at the time of sentencing.  *See* Plea Agreement ¶ 12, [ECF No. 57].  In addition, the Defendant acknowledges again that he agreed to forfeit $180,328.41, and that funds in the amount of $180,328.41 are in his counsel's trust account and earmarked for payment to the Government at sentencing.  *See* Mauro Nannini's Objection to the Gain Amount Proposed by the PSI Report, [ECF No. 82].  Nothing in this Order shall be construed as a ruling on the Defendant's objection to the gain calculation in the Presentence Investigation Report.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this

Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property when

identified.

      **DONE AND ORDERED** in Miami, Florida, this 28th day of March 2025.

                                      _____

                                      **RODOLFO A. RUIZ II**
                                      **UNITED STATES DISTRICT JUDGE**